———o———

## No. 5707.

## ABRAHAM SCHULMAN vs. MILLER & COMPANY.

### Syllabus.

1. Under Section 70 of Act 64 of 1904, presentment of a promissory note for payment is not required in order to charge the maker.

2. Novation is never presumed, and the taking of a note will not operate as a novation or extinguishment of a claim for margin in a stock brokerage transaction, unless such was the clear intent of the parties.

3. A person's domicile is where he establishes himself with the present settled intention of remaining for an indefinite time and without any fixed intention of resuming his former domicile.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 100,100, Hon. E. K. Skinner, Judge.

Woodville & Woodville, for plaintiff and appellant.

Walker & Wolff, for defendant and appellee.

His Honor, EMILE GODCHAUX rendered the opinion and decree of the Court as follows:

Plaintiff appeals from an adverse judgment in a suit wherein he seeks to recover certain cash and his promissory note, with securities attached, which he deposited with defendant from time to time to margin purchases of stock made by the latter on the New York Stock Exchange for plaintiff's account; the plaintiff claiming that his transactions were closed out without previous notice to him, and without his knowledge, consent or authority.

Plaintiff had put up $410.00 in margin when there was a further decline in the market and thereupon defendant demanded additional margin. After repeated promises to comply with this demand the plaintiff finally executed his promissory note, payable at defendant's place of business, and when plaintiff failed to pay it at its maturity defendant promptly closed out the transaction at a loss of $107.55, for which amount defendant had judgment in reconvention.

There is no merit in the contention that the taking of the note constituted the payment of and novated or ex-

tinguished all claims for the margin, and that consequently it became the duty of the defendant, when the note became due, if it then concluded that the dishonored note constituted insufficient margin, to so notify plaintiff and demand additional margin. Novation is never presumed, and none of the circumstances disclosed by the record evidence an intention that the taking of the note should have the effect claimed.

On the contrary, we are of the opinion that it was the evident intent that the note should simply embody in tangible form the agreement that the payment of margin should be postponed to the date fixed in the note, upon which date, if the margin or note was not paid, the defendant would be authorized to close outh the stock— and this without further demand or presentment of the note for payment; for the law dispenses with the necessity of presentment in order to charge the maker. Section 70 of Act 64 of 1904.

Plaintiff's failure to pay the note constituted a breach of his agreement to deposit margin on the date stipulated, and upon this default defendant was fully warranted in the course pursued.

While there is no error in the final judgment, either on the main or on the reconventional demand, defendant has answered the appeal and complains of error in the rendition of an interlocutory judgment declining to set aside on a rule taken by defendant, the writ of arrest, which issued at plaintiff's instance during the pendency of the suit.

Defendant's contention is that he was at the time of the issuance of the writ a resident of the State of Colorado, and that consequently the affidavit upon which the writ was obtained was defective, in that it failed to recite that he had absconded from his residence. **C. P. 212.**

From our examination of the testimony adduced upon

the trial of the rule to dissolve the writ on this ground, we are satisfied that defendant's true domicile was in the City of New Orleans whither he came and established himself with the present settled intention of remaining there for an indefinite time, and without any fixed intention of resuming his former domicile in Colorado. The lower Court was consequently correct in refusing to set aside the writ until plaintiff's action was dismissed on the merits.

There is no error in the judgment appealed from, and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, January 27th, 1913.

Rehearing refused, February 24th, 1913.

Dufour, J., takes no part.